1   *E-filed on* <u>10/18/06</u>

2

3

4

5

6

7

8

9                        IN THE UNITED STATES DISTRICT COURT

10                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                                SAN JOSE DIVISION

12  IN RE CYGNUS TELECOMMUNICATIONS          No. MDL-1423
    TECHNOLOGY, LLC, PATENT                  (C-04-04247 RMW)
13  LITIGATION
    ────────────────────────────────────    ORDER DENYING DEFENDANT'S
14                                           MOTION TO STRIKE; DENYING
    THIS ORDER RELATES TO:                   PLAINTIFF'S MOTION FOR RELIEF
15                                           UNDER RULE 60(b)(3)
    CYGNUS TELECOMMUNICATIONS
16  TECHNOLOGY, LLC,                         **[Re Docket Nos. 102, 107, 111, 116, 120]**

17                         Plaintiff,

18               v.

19  AT&T CORP.,

20                         Defendant.

21  ────────────────────────────────────

22          Cygnus Telecommunications Technology, LLC, has filed a motion ostensibly for relief under

23  Fed.R.Civ.P. 60(b)(3).  Cygnus, however, essentially seeks (1) reconsideration of this court's

24  November 29, 2005 order granting defendant AT&T Corporation's motion for judgment on the

25  pleadings, and (2) leave to file a third amended complaint.  AT&T Corp. moves to strike Cygnus's

26  motion.

27          On this court's own motion, these two motions are deemed submitted on the papers.  No oral

28  argument will be held; no appearance is needed.

*United States District Court*
*For the Northern District of California*

United States District Court

For the Northern District of California

1   AT&T Corp.'s motion to strike is denied.  A motion to strike is not properly brought *ex*

2   *parte*.  In any case, nothing in Cygnus's motion is impertinent or scandalous.  Whether Cygnus's

3   motion contains redundant or immaterial matter is moot in light of the court's ruling on the motion.

4   Cygnus is not entitled to relief under Fed.R.Civ.P. 60(b)(3) because the November 29, 2005

5   order is not "final" as required by that rule.  Additionally, the allegedly fraudulent conduct of AT&T

6   Corp. occurred before this suit was filed.  Fed.R.Civ.P. 60(b)(3) is intended to remedy only fraud

7   committed during litigation.  *Roger Edwards, LLC v. Fiddes & Son Ltd.*, 427 F.3d 129, 134 (1st Cir.

8   2005).

9   Even considering Cygnus's motion as (an albeit procedurally improper) request for

10  reconsideration of the November 29, 2005 order, the court affirms the November 29, 2005 order.

11  Cygnus's attempt to revive its claim for misappropriation of trade secrets is thus futile and leave to

12  file the proposed revised third amended complaint is denied.[1]  Additionally and independently,

13  Cygnus's attempt to amend its complaint again comes too late in this litigation.  *See Solomon v. N.*

14  *Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998).

15  Cygnus's motion insofar as it seeks to add AT&T Inc. as a defendant is also denied.  Plaintiff

16  apparently has no facts (and has not pleaded any) suggesting AT&T Inc. as a parent is liable for the

17  acts of AT&T Corp.  Cygnus says it wants to name AT&T Inc. in order to pursue successor liability

18  if necessary.  Plaintiff has pleaded no facts showing a basis or need to name AT&T Inc.

19                                          **ORDER**

20  For the reasons stated above, the court

21          1.  denies AT&T's motion to strike, and

22          2.  denies Cygnus's motion for relief under Fed.R.Civ.P. 60(b)(3).

23

24  DATED:      10/18/06                        *Ronald M Whyte*
                                                RONALD M. WHYTE
25                                              United States District Judge

26

27  _____

[1] Cygnus does not even mention Minnesota law, which the court had previously determined applied
28  to the trade secret misappropriation claim.  Cygnus instead refers to the law of other jurisdictions
    and the Uniform Trade Secrets Act.

1

**A copy of this order was mailed on _____ to:**

2

**Counsel for Plaintiff:**

3

John P. Sutton
2421 Pierce Street

4

San Francisco, CA 94115-1131

5

Lewis Donald Prutzman
Tannenbaum Helpern Syracuse & Hirschritt LLP`

6

900 Third Avenue
New York, NY 10022

7

**Defendants:**

8

9

Felice B. Galant; Joseph P. Zammit
Fulbright & Jaworski L.L.P.
666 Fifth Avenue

10

New York, NY 10103-3198

11

Gregory B. Wood
Fulbright & Jaworski L.L.P.

12

865 South Figueroa Street, 29th Floor
Los Angeles, CA 90017

13

14

Kieran Patrick Fallon
436 SW 8th Street
Miami, FL 33130-2814

15

**Courtesy Copy:**

16

17

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building

18

One Columbus Circle, N.E.
Room G-255, North Lobby

19

Washington, D.C. 20002-8004

20

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

21

22

23

24

25

26

27

28

ORDER DENYING DEFENDANT'S MOTION TO STRIKE; DENYING PLAINTIFF'S MOTION FOR RELIEF UNDER RULE 60(b)(3)
—No. MDL-1423 (C-04-04247 RMW)
JAH                                                                                       3

**United States District Court**
For the Northern District of California