*E-filed on* 7/12/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE CYGNUS TELECOMMUNICATIONS TECHNOLOGY, LLC, PATENT LITIGATION | No. MDL-1423<br>(C-04-04247 RMW) |
| THIS ORDER RELATES TO:<br><br>CYGNUS TELECOMMUNICATIONS TECHNOLOGY, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>AT&T CORP.,<br><br>        Defendant. | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT<br><br>**[Re Docket Nos. 113, 126, 131, 139, 151 and 156 in C-04-04247; Docket No. 785 in MDL-1423]** |

Defendant AT&T Corp. moves for summary judgment of non-infringement on plaintiff Cygnus Telecommunications Technology, LLC's patent infringement claims. In the alternative, AT&T seeks summary adjudication setting a cap on the damages plaintiff can recover on its infringement claims. Cygnus opposes the motion and also moves for leave to file a motion for reconsideration of the court's October 18, 2006 order which denied Cygnus's request, in effect, for

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT—No. MDL-1423 (C-04-04247 RMW)

reconsideration of the court's November 29, 2005 order denying Cygnus leave to amend its second amended complaint with respect to its misappropriation of trade secret claim.

For the reasons set forth below, the court denies Cygnus's motion for leave and grants AT&T's motion for summary judgment of non-infringement.

## I. BACKGROUND

Cygnus alleges that AT&T has infringed U.S. Patents No. 5,883,964 ("'964 patent") and No. 6,035,027 ("'027 patent") which the U.S. Patent and Trademark Office issued on March 16, 1999 and March 7, 2000, respectively. This action is one that has been transferred to this court as part of the consolidated multi-district proceedings, Case No. MDL 1423.

## II. ANALYSIS

### A. Leave to File Motion for Reconsideration

In its operative second amended complaint ("SAC"), Cygnus alleges patent infringement and trade secret misappropriation by AT&T. On November 29, 2005, the court granted AT&T's motion for judgment on the pleadings as to Cygnus's trade secret misappropriation claim. On September 15, 2006, Cygnus moved for relief from the court's November 29, 2005 order. The court denied Cygnus relief in an order dated October 18, 2006.

Cygnus now seeks leave to file a motion for reconsideration of the court's October 18, 2006 order. Cygnus's goal is to be allowed to add claims for "fraud, fraudulent concealment, breach of fiduciary duty, and tolling of the statute of limitations" in connection with its trade secret misappropriation claim. Mot. for Lv. (Docket No. 139) at 1. The court finds no basis for reconsideration and, therefore, denies the motion for leave.

### B. Summary Judgment

Summary judgment is proper when the pleadings, discovery, and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.*

Cygnus asserts that four AT&T programs or services infringed the patents-in-suit: Software Defined Network Alternate Network Access ("SDN"), an unnamed service offered in Japan, International Call Plan and AT&T's Multi-Option Calling Plan. However, Cygnus's opposition to the summary judgment motion suffers from a fundamental deficiency. Nowhere in the opposition does Cygnus offer any admissible evidence that each limitation of the asserted patent claims is found in any AT&T product, method or service.[1] Cygnus was even given additional time after the court tentatively granted AT&T's motion to offer evidence of infringement and it failed to offer any admissible evidence. Cygnus appears to merely assume that any AT&T service that references international call back necessarily infringed. "To avoid summary judgment," a plaintiff must "proffer evidence that" an accused instrumentality "contain[s] every claim element either exactly or by a substantial equivalent." *S. Bravo Sys. v. Containment Techs. Corp.*, 96 F.3d 1372, 1376 (Fed. Cir. 1996). Cygnus has not done so. Further, Perry Wyatt (President of Cygnus), James H. Alleman, Ph.D. (the named inventor) and Leonard J. Forys (Cygnus's expert) each testified that he did not possess knowledge or evidence that AT&T infringed the patent claims.

Even if an AT&T service that included some form of international call back service included elements meeting the limitations of the asserted claims, the undisputed testimony of the AT&T employee who was formerly the head of AT&T's "International Product Management" division states that she is "unaware of any international call back services offered by AT&T on or after March 16, 1999" other than "the International Call Plan." McGrath Decl. ¶ 15 (Docket No. 114).[2]

---

[1] Cygnus's submission entitled "Opposition to AT&T Motion to Strike Status Conference Statement and Opposition to AT&T's Renewed Motion for Summary Judgment" filed May 7, 2007 in Case No. MDL-1423 (MDL-1423 Docket No. 785), does not correct this deficiency. In reciting AT&T's purported "lies," plaintiff's submission merely rehashes the arguments and repeats the evidence set forth in its Opposition (Docket No. 126) and Supplement to Opposition (Docket No. 151).

[2] Cygnus argues that "Exhibit 219 (CYG004251 in depository)" shows the existence of SDN and creates a disputed issue of material fact whether SDN continued into 1999. No "Exhibit 219" appears on the docket of this action, nor does one appear to have been lodged. Assuming, for the sake of argument, that Exhibit 219 is the August 5, 1996 article discussing SDN Cygnus refers to in its complaint, *see* SAC ¶ 7, Cygnus still lacks any evidence to contradict AT&T's evidence that AT&T terminated all international callback services no later than July 1999.

Cygnus also argues that the unnamed Japanese service may have continued into 1999. The complaint refers to a November 27, 1997 press release announcing this service. SAC ¶ 8. Cygnus has not presented evidence contradicting AT&T's evidence that AT&T terminated all international

She believes she "would have been aware of such offerings if they existed" and that her investigation revealed no such programs. *Id*. AT&T has presented evidence that it terminated the International Call Plan at the end of 1998, before either of the patents-in-suit issued. AT&T does acknowledge that some residual use may have occurred in 1999 as the last remaining customers were transitioned off the service. AT&T continued to receive payments for the International Call Plan service through July 1999. However, even if AT&T received some minimal revenue from its International Call Plan in 1999, there is, as discussed above, no evidence that the service for which the payments were received was infringing.

**C. Conclusion of Action**

Because AT&T has now prevailed on both the trade secret misappropriation and patent infringement claims against it, judgment will be entered if AT&T's favor.

### III.  ORDER

For the reasons stated above, the court

1. denies Cygnus's motion for leave to file a motion for reconsideration of the court's October 18, 2006 Order, and

2. grants AT&T's motion for summary judgment of non-infringement.

DATED:   7/12/07

RONALD M. WHYTE
United States District Judge

---

callback services no later than July 1999.
   Lastly, Cygnus refers to a May 22, 1996 filing by AT&T regarding the Multi-Option Calling Plan. Opp'n at 3. Such a filing, even if properly before the court, would not contradict AT&T's evidence that AT&T terminated all international callback services no later than July 1999.

**A copy of this order was mailed on       7/12/07       to:**

**Counsel for Plaintiff:**

John P. Sutton
2421 Pierce Street
San Francisco, CA 94115-1131

Lewis Donald Prutzman
Tannenbaum Helpern Syracuse & Hirschritt LLP`
900 Third Avenue
New York, NY 10022

**Defendants:**

Felice B. Galant; Joseph P. Zammit
Fulbright & Jaworski L.L.P.
666 Fifth Avenue
New York, NY 10103-3198

Gregory B. Wood
Fulbright & Jaworski L.L.P.
865 South Figueroa Street, 29th Floor
Los Angeles, CA 90017

Kieran Patrick Fallon
436 SW 8th Street
Miami, FL 33130-2814

**Courtesy Copy:**

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, D.C. 20002-8004

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

United States District Court
For the Northern District of California

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT—No. MDL-1423 (C-04-04247 RMW)
5